United States District Court
Northern District of Indiana
Hammond Division

Christine A. Canty,

    Plaintiff,

v.

Walgreens Co., et al.,

    Defendants.

Case No. 2:11-CV-232-JVB

**OPINION AND ORDER**

Pro se Plaintiff Christine Canty filed this case on June 29, 2011, alleging that Defendants, Walgreens Co., Mark Robbins, Andrew Polen, and Steve Gagne, violated 42 U.S.C. § 1983 of the Civil Rights Act of 1871 and harassed and discriminated against her in violation of Title VII of the Civil Rights Act of 1964. Plaintiff also alleges a violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). On August 17, 2011, Defendants moved to partially dismiss Plaintiff's complaint. For the reasons set forth below, Defendants' Partial Motion to Dismiss is granted.

A.    **Factual and Procedural Background**

Plaintiff Christine Canty is a former Assistant Manager of Walgreens Co. On June 29, 2011, Plaintiff sued Walgreens alleging a violation of § 1983, Title VII, and HIPAA.

Plaintiff's Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination ("Charge") asserts the following in support of Plaintiff's case: Plaintiff began working as an Assistant Manager for Defendant on April 26, 2004. On June 12, 2010, an

incident occurred which required Plaintiff to deal with a complaining customer. Later, on June 24, 2010, the Store Manager, Mark Robbins, called Plaintiff and asked her about the incident that occurred on June 12, 2010. On June 25, 2010, Plaintiff was terminated because of a customer complaint arising out of that incident. Plaintiff claims that she was fired because she is a woman. Plaintiff explains in her Charge that she is not aware of any assistant manager who was disciplined or terminated for a customer complaint. She also alleges that the store manager has only hired men and has terminated four women. (DE 1.)

Although Plaintiff's EEOC Charge only alleged that she was terminated "because of her sex" in violation of Title VII, Plaintiff's Complaint is replete with additional claims of harassment, discrimination, and hostile work environment. Plaintiff's Complaint alleges that, six years earlier, in July 2004, Andrew Polen, a Store Manager, made discriminatory comments toward her and also attempted to have her terminated. (Pl's Compl. at ¶ 1.) In May 2005, a year later, Plaintiff also alleges that Polen made several harassing phone calls to her. Plaintiff contends that, three years before she was fired, in December 2007, Polen made discriminatory comments toward her regarding one of Walgreens' vendors and whether the vendor wanted to date Plaintiff. (*Id.*) Again, in January 2008 through March 2008, Plaintiff alleges that Polen made several discriminatory remarks toward her about her doctor visits, her truck unloading abilities, and her job duties. (*Id.*) She further claims that Polen treated her unfavorably with respect to her job assignments, vacation requests, and disciplinary actions. (*Id.*) In February 2009, Plaintiff was fired from her position but was then rehired. Additionally, Plaintiff's Complaint names Mark Robbins, Andrew Polen, and Steve Gagne, the District Manager, as individual defendants ("Individual Defendants"). (DE 1.)

B.      **Standard for Evaluating Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[1] As the Supreme Court has stated, "the tenant that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Id.* Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1940 (quoting *Twombly*, 550 U.S. at 570). A court will view all well-pleaded allegations in a light most favorable to the plaintiff. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

Because Plaintiff if proceeding *pro se*, his pleadings are held to a less stringent standard than those of a represented party. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Thus, courts liberally construe *pro se* complaints. *Id.* (citation omitted); *see also Donald v. Cook Cnty. Sheriff's Dep't.*, 95 F.3d 548, 555 (7th Cir. 1996) ("It is, by now, axiomatic that district courts have a special responsibility to construe *pro se* complaints liberally."). However, "[a]lthough civil litigants who represent themselves . . . benefit from various procedural protections not otherwise afforded to the

---

[1]      In *Twombly* the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

3

attorney-represented litigant . . . pro se litigants are not entitled to a general dispensation from the rules of procedure." *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) (citations omitted).

**C.     Discussion**

**(1)     Section 1983 Claims**

Section 1983 authorizes a court to grant relief when a party's federally protected rights have been violated by a state or local official or other person acting under color of state law. 42 U.S.C. § 1983. Under the plain language of the statute, § 1983 only applies against those acting under the color of law. In other words, the defendant must be a state actor. *See Wilson v. McRae's, Inc.*, 413 F.3d 692, 693 (7th Cir. 2005). In this case, Plaintiff does not allege that either Walgreens or the Individual Defendants are state actors or were, at any point, acting under color of state law. Because Walgreens is a private entity and Plaintiff does not allege that any of the Defendants acted under the color of state law, Plaintiff's Complaint fails to state a claim under § 1983 and is thus dismissed.[2]

**(2)     Alleged HIPAA Violation**

Although the allegations in Plaintiff's complaint are not clear concerning the specifics of the claim, Plaintiff asserts, in passing, that Defendants violated her HIPAA rights. (Pl's Compl. at ¶ 3.)  However, HIPAA does not create a private cause of action. *Carpenter v. Phillips*, 419 Fed. Appx. 658, 659 (7th Cir. 2011) (citing *Acara v. Banks*, 470 F.3d 569, 570 (5th Cir. 2006). To enforce a federal law, Congress must create a private right of action. *Alexander v. Sandoval*,

---

[2]     In her Reply to Defendants' Motion for Partial Dismissal, Plaintiff concedes that any claim that Defendants violated § 1983 should be dismissed. (DE 22).

4

532 U.S. 275, 286 (2001).  Because HIPAA does not create such a right, Plaintiff's claim that Defendants violated HIPAA is dismissed.[3]

**(3)     Title VII Claims Against Individual Defendants**

Plaintiff's complaint names Mark Robbins, Andrew Polen, and Steve Gagne as individual defendants in this lawsuit.  However, under Title VII, there is no individual liability for managers or supervisors.  *Sattar v. Motorola Inc.*, 138 F.3d 1164, 1168 (7th Cir. 1998) (citing *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995) ("[A] supervisor does not, in his individual capacity, fall within Title VII's definition of an employer.")).  Therefore, Plaintiff's Complaint against Robbins, Polen, and Gagne is dismissed.[4]

**(4)     Title VII Claims for Harassment, Discrimination, and Hostile Work Environment**

Under Title VII, a party complaining of discrimination or harassment is required to file a timely charge with the EEOC or a corresponding state or local agency before initiating a lawsuit. *Cheek v. W. and S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994).  In Indiana, EEOC charges must be filed within 300 days of the alleged discriminatory incident.  *Minor v. Ivy Tech State Coll.*, 174 F.3d 855, 857 (7th Cir. 1999).  In this case, Plaintiff filed her EEOC charge on August 18, 2010.  Thus, any of Plaintiff's charges of discrimination occurring before October 22, 2009 are time-barred.  However, Plaintiff's Complaint contains charges that predate October 22, 2009, including claims of discriminatory transfers, disciplinary actions, assignments, scheduling policies, and retaliation.

---

[3]     In her Reply to Defendants' Motion for Partial Dismissal, Plaintiff concedes that any claim that Defendants violated HIPAA should be dismissed. (DE 22).

[4]     In her Reply to Defendants' Motion for Partial Dismissal, Plaintiff concedes that her Title VII claims against the Individual Defendants must be dismissed. (DE 22).

In addition, several of Plaintiff's claims must be dismissed because she failed to exhaust her administrative remedies. Generally, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge because "allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge." *Vela v. Village of Sauk Village*, 218 F.3d 661, 664 (7th Cir. 2000) (quoting *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)). Further, although a Title VII plaintiff does not need to allege each and every fact that forms the basis of each claim in her EEOC charge, Title VII claims will only be cognizable where there is "a reasonable relationship between the allegations in the charge and the claims in the complaint" and "the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Cheek*, 31 F.3d at 500.

In this case, Plaintiff's EEOC Charge only discusses the termination of her employment, which occurred on June 25, 2010. By contrast, her Complaint alleges that she was discriminated against in a variety of ways with respect to transfers, discipline, assignments, scheduling, policies, and the termination of her employment in 2009 and 2010. Plaintiff also alleges retaliation and harassment arising out of a hostile work environment. With the exception of the allegations relating to the June 2010 termination of her employment, none of the allegations in Plaintiff's Complaint are like or reasonably related to the allegations in her EEOC charge. Plaintiff's EEOC charge contains no mention of discriminatory transfers, discipline, assignments, scheduling policies, retaliation, or the 2009 termination of her employment. Thus, Plaintiff's claim must be limited to her charges of sex discrimination as it relates to the termination of her employment. Any of Plaintiff's claims of discrimination and retaliation not related to the termination of her employment are dismissed.

**D.** **Conclusion**

The Court grants Defendants' Motion for Partial Dismissal (DE 12).

SO ORDERED on March 28, 2012.

    S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE